UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                Plaintiff,

                v.

DR. ROBERT V. BENTIVEGNA, F.H.S.D.,
MS. HENNESSY, MHU, *Unit Chief*;
CHRISTINE RAFFAELE, *Registered Nurse*,

                Defendants.

No. 20-CV-2440 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"), brings this pro se Action alleging that Defendants—all officials assigned to Green Haven Correctional Facility ("Green Haven")—violated his federal constitutional rights. The Court construes Plaintiff's Amended Complaint as asserting claims under 42 U.S.C. § 1983. By Order dated May 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

## I. DISCUSSION

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Amended Complaint on Defendants until the Court reviewed the Amended Complaint and ordered that summonses be issued. The Court therefore extends the time to serve Defendants until 90 days after the date that summonses are issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Dr. Robert V. Bentivegna, Ms. Hennessy, and Christine Raffaele through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for each Defendant. The Clerk of Court is further instructed to issue summonses for Defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this Action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to (1) issue summonses for Defendants Dr. Robert V. Bentivegna, Ms. Hennessy, and Christine Raffaele, (2) complete USM-285 Forms with the service addresses for these Defendants, and (3) deliver all documents necessary to effect service on these Defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2020
          White Plains, New York

                                          KENNETH M. KARAS
                                      United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Dr. Robert V. Bentivegna
   Facility Health Services Director
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Ms. Hennessy
   Mental Health Unit Chief
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Christine Raffaele
   Registered Nurse
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010